UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CARY LAMAR WILKERSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | No. 5:22-cr-00079-GFVT-CJS-1 |
| | ) | No. 5:24-cv-00342-GFVT-CJS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

*** *** *** ***

On December 2, 2025, this Court denied Petitioner Cary Wilkerson's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. [R. 92.] Wilkerson now asks the court to reconsider this decision under Federal Rule of Civil Procedure 59(e). [R. 94.] For the reasons set forth herein, Petitioner Wilkerson's Motion to Reconsider **[R. 94]** will be **DENIED**.

**I**

Petitioner Cary Wilkerson was charged with two counts of violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, two counts of violating 18 U.S.C. § 841(a)(1), possession with intent to distribute fentanyl, and two counts of violating 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of drug trafficking after a grand jury returned a six-count indictment in March of 2023. [R. 36.] Wilkerson ultimately pled guilty to, and was convicted of, all six counts without a written plea agreement on May 23, 2025. [R. 55.]

Following Wilkerson's conviction, this Court sentenced Wilkerson to 120 months of imprisonment on Counts 1, 2, 4, and 5, to be served concurrently, and 60 months of imprisonment on Counts 3 and 6 to be served consecutively to one another and to Counts 1, 2, 4, and 5, for a total of 240 months imprisonment. [R. 63.] Following his sentencing hearing,

Wilkerson filed a notice of appeal to the Sixth Circuit Court of Appeals, but he voluntarily dismissed this appeal shortly thereafter.  [R. 66; R. 75.]

Wilkerson then challenged his conviction and sentence under 28 U.S.C. § 2255, bringing several arguments as to why his conviction and sentence should be vacated.  [R. 76.]  This Court found that many of Wilkerson's claims were barred by the procedure default doctrine, and otherwise without merit.  [R. 92.]  Consequently, the Court denied Wilkerson's Motion to Vacate, Set Aside, or Correct his sentence.  *Id.*  Wilkerson then filed the instant Motion to Reconsider, contending that the Court erred in denying his motion under § 2255.  [R. 94.]

**II**

**A**

As a threshold matter, the Court must determine whether Wilkerson timely filed his motion to reconsider.  The Sixth Circuit directs district courts to treat motions for reconsideration in criminal cases as if they were filed under Federal Rules of Civil Procedure 59(e) or 60. *United States v. Legette-Bey*, No. 24-3777, 2025 U.S. App. LEXIS 10401, at *5 (6th Cir. Apr. 29, 2025) (citing *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)).  Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 6 further provides that the court "must not" extend this time under Rule 59(e).  Fed. R. Civ. P. 6(b)(2).  Here, the Court entered its judgment on December 2, 2025 and Wilkerson's motion was docketed on January 14, 2025, more than 28 days later.  [R. 93; R. 94.]  Although Wilkerson's motion was docketed on January 14, 2026, he signed the motion on December 29, 2025, and it was postmarked on December 30, 2025.  [R. 94 at 8; R. 94-2 at 1.]

Under the "prison mailbox rule," a pro se prisoner's pleadings are considered filed on the date that the prisoner provides the pleading to prison officials for filing.  *Houston v. Lack¸*487

2

U.S. 266, 270 (1988).  In crafting this rule, the Supreme Court reasoned that delivery of a pleading to prison officials, not delivery to the clerk, is the "moment at which *pro se* prisoners necessarily lose control over" their filings.  *Id.* at 275.  Courts therefore assume, "absent contrary evidence," that a *pro se* prisoner delivered a legal filing to a prison official on the day he signed it.  *Brand v. Motley,* 526 F.2d 921, 925 (6th Cir. 2005).  Here, the Court has no evidence to suggest that Wilkerson did not deliver his motion to prison officials on December 29, 2025, the date he signed it.  Therefore, the Court finds that Wilkerson "filed" his motion within 28 days from entry of the judgment he seeks to alter and thus, his motion is timely under Rule 59(e).

**B**

Turning to the merits of Wilkerson's motion, Federal Rule of Civil Procedure Rule 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.  *See, e.g., GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  "While the Sixth Circuit has not ruled on the exact definition of 'clear error,' it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must 'clearly establish a manifest error of law.'"  *Sapp v. W. Exp., Inc.*, No. 3:13-CV-0512, 2015 WL 1549271, at *2 (M.D. Tenn. Apr. 8, 2015) (internal citation omitted).

A "'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal citation omitted); *see also Dorger v. Allstate Ins. Co.*, No. CIV.A. 2:08-56-DCR, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009) ("[F]or [a movant] to prevail on her Rule 59(e) motion based on 'manifest error of law' she must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment.").  Whether to grant or deny a Rule 59(e)

3

motion is generally a matter within the district court's sound discretion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Crucially, a motion under Rule 59(e) is "not an opportunity to re-argue a case." *Id.*

Here, Wilkerson does not bring forth newly discovered evidence or an intervening change in law; rather, Wilkerson solely contends that the Court "made a mistake of law and fact" which warrants reconsideration. [R. 94 at 1-2.] As grounds, Wilkerson generally reasserts the same arguments that he relied upon in his § 2255 motion. Such arguments are insufficient to warrant relief under Rule 59(e).

As to Wilkerson's previously asserted federal jurisdiction argument, he contends that the Court erred by not addressing the out of circuit, and otherwise irrelevant, cases that he cited in his § 2255 motion. *Id.* at 3-4. He also contends that the Court must "explain" 18 U.S.C. § 921, a definitional statue, to him. *Id.* at 4-5. The Court is under no such obligation.

In its Memorandum Opinion and Order denying Wilkerson's § 2255 motion, the Court explained that "the 'in or affecting commerce' requirement is satisfied so long as the firearm was manufactured outside the state and thus had to cross state lines to reach the defendant." [R. 92 at 6-7 (citing *United States v. Thompson*, 361 F.3d 918, 923 (6th Cir. 2004); *United States v. Napier*, 233 F.3d 394, 401 (6th Cir. 2000).] Wilkerson does not challenge that the firearm at issue was in fact manufactured outside the Commonwealth of Kentucky and had to cross state lines to reach him. [*See* R. 94.] Thus, as the Court explained previously, the jurisdictional nexus over Wilkerson's firearm was clearly satisfied, and Wilkerson has failed to presented the Court with grounds that justify reconsidering its previous holding.

Wilkerson's assertions regarding the Court's findings as to the validity of his guilty plea fail for similar reasons. Wilkerson contends that his guilty plea was not knowing or intelligent because "[h]e was misinformed by the Government, the Court, and even his own attorney about

4

the express jurisdictional element of §922(g) and §924(c)" and was not informed that §921(a)(2) "violated due process and made the guilty plea invalid." [R. 94 at 5.] This argument is based on Wilkerson's erroneous contention that the jurisdictional nexus had not been established which, as noted above, is without merit. Thus, the United States, the Court, and Wilkerson's attorney were under no obligation to "inform" him of law that does not exist and Wilkerson falls well short of demonstrating a manifest error of law on this ground, as well.

Next, Wilkerson reiterates his previous argument that a predicate offense for an enhancement under 21 U.S.C. § 841 "must be a drug conviction, not a robbery conviction." [R. 94 at 6.] Again, this ignores the plain text of the statute which defines qualifying predicate offenses to include either drug offenses *or* a "serious violent felony." 21 U.S.C. § 841(b)(1)(A). Wilkerson also argues that the Court erroneously declined to adopt the sequential approach advanced in his § 2255, whereby convictions only qualify as predicate offenses if they were the most recent crimes committed by the defendant. [R. 94 at 6.] Wilkerson claims that this approach is supported by First Circuit precedent. *Id.* It is not.

The out-of-circuit case cited by Wilkerson held that, under a different statute, the offense of conviction must be committed after the predicate offense. *United States v. Davila-Felix*, 667 F.3d 47, 52 (1st Cir. 2011). Here, Wilkerson committed the offenses of conviction in 2022 and committed the predicate robbery offense in 2017. [R. 36; R. 53.] Thus, Wilkerson's offense of conviction was committed after the predicate offense, which is all that §841 requires. Accordingly, Wilkerson's request for the Court to reconsider the challenge to his sentence is unavailing.

Essentially, Wilkerson seeks to relitigate prior issues already considered and decided. However, motions to reconsider are not "designed to give an unhappy litigant an opportunity to relitigate matters already decided." *Davidson v. Roadway Exp., Inc.*, 562 F.Supp.2d 971, 985

5

(N.D. Ohio 2008). Here, Wilkerson failed to demonstrate any error of law or present new evidence that would alter the Court's earlier analysis. Thus, the Court declines to reconsider his petition.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Petitioner Cary Wilkerson's Motion to Reconsider **[R. 94]** will be **DENIED**.

This the 4th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge